IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PALTALK HOLDINGS, INC.,           )
                                  )
            Plaintiff,            )
                                  )
    v.                            )        Civil Action No. 16-1239-JFB-SRF
                                  )
VALVE CORPORATION,                )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Presently before the court in this patent infringement action is the motion to transfer

venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§

1400(b) and 1406, filed by defendant Valve Corporation ("Valve"). (D.I. 19) For the following

reasons, I recommend that the court grant Valve's motion to transfer venue to the Western

District of Washington.

### II.   BACKGROUND

#### A.  Parties

On December 16, 2016, plaintiff PalTalk Holdings, Inc. ("PalTalk"), a Delaware

corporation headquartered in Jericho, New York, filed the present patent infringement action

against Valve, alleging infringement of U.S. Patent Nos. 5,822,523 ("the '523 patent") and

6,226,686 ("the '686 patent") (together, the "patents-in-suit"). (D.I. 1 at ¶¶ 1, 6-7) PalTalk was

incorporated in 2001 and is the owner of various patents regarding methods and systems for

communicating over networks. (*Id.* at ¶ 1) PalTalk's predecessor-in-interest, HearMe (formerly

known as MPath Interactive Inc.), was a pioneer of technology allowing users to participate in

multiplayer games over the internet. (*Id.* at ¶ 5) PalTalk's technology includes communications through a group messaging server and the establishment of groups for online game play. (*Id.*)

Valve is a Washington corporation headquartered in Bellevue, Washington. (*Id.* at ¶ 2) Valve developed and published a multiplayer online battle arena ("MOBA") video game called Defense of the Ancients 2 ("DOTA 2"). (*Id.* at ¶ 22) DOTA 2 has gained worldwide popularity, grossing in excess of $235 million in 2015, and exceeding 1 million peak simultaneous players in many months. (*Id.* at ¶¶ 23-24) Valve has servers supporting DOTA 2 throughout the United States, including servers in Seattle, Washington and Sterling, Virginia. (*Id.* at ¶ 25; D.I. 25, Ex. B) Valve's server in Sterling, Virginia is maintained by a third-party contractor. (D.I. 25, Ex. C)

### B. Patents-In-Suit

The '523 patent, entitled "Server-Group Messaging System for Interactive Applications," was issued on October 13, 1998 to MPath Interactive Inc. as the assignee of inventors Jeffrey Rothschild, Marc Kwiatkowski, and Daniel Samuel. (D.I. 1 at ¶ 6) The '523 patent is directed to using a group messaging server to receive individual messages from each computer, which simplifies the communications between computers by reducing the number of messages that each individual computer must send and receive. (*Id.* at ¶ 12) The '686 patent, entitled "Server-Group Messaging System for Interactive Applications," issued on May 1, 2001. (*Id.* at ¶ 7) The '686 patent is a continuation of U.S. Patent No. 6,018,766, which is a continuation of the '523 patent. (*Id.*) The '686 patent claims forming a message group and maintaining consistency between the computers within the group, thereby facilitating efficient communications between host computers and reducing the burden of maintaining consistency between the host computers within the message group. (*Id.* at ¶ 13)

The patents-in-suit underwent an ex parte reexamination before the United States Patent and Trademark Office ("PTO") on June 14, 2010. (*Id.* at ¶¶ 8-9) All claims of the '523 patent were confirmed patentable without amendment, and an additional forty-one claims were added. (*Id.* at ¶ 8) All but two claims of the '686 patent were confirmed patentable without amendment, and an additional fifty-one claims were added. (*Id.* at ¶ 9) The remaining two claims were canceled. (*Id.*) The reexamination requests stemmed from ongoing litigation between PalTalk and various other companies in the Eastern District of Texas. (*Id.* at ¶¶ 10, 17) The litigations resolved when each of the former defendants took licenses to the patents-in-suit. (*Id.*)

### C. Related Litigation

A related case, *PalTalk Holdings, Inc. v. Riot Games, Inc.*, C.A. No. 16-1240-JFB-SRF (the "Riot Games Litigation"), is currently pending before the court.[1] Both cases involve the same patents-in-suit and are operating on a joint schedule for pre-trial purposes. (D.I. 15)

### III.    LEGAL STANDARD

Generally, "venue provisions are designed . . . to allocate suits to the most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 710 (1972). A party may move to dismiss a lawsuit for improper venue in accordance with Rule 12(b)(3), and the court must then determine whether venue is proper under the applicable statutes. *See Albright v. W.L. Gore & Assocs., Inc.*, 2002 WL 1765340, at *3 (D. Del. July 31, 2002). Under Rule 12(b)(3), it is Valve's burden to establish that venue is improper. *See Graphics Property Holdings Inc. v . Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 324 (D. Del. 2013) (internal citations omitted).

---

[1] No motion to transfer venue is pending in the Riot Games Litigation. Valve indicates that DOTA 2 "was developed completely independently of Riot Games' League of Legends game." (D.I. 21 at ¶ 8)

3

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017). In *Fourco Glass Co. v. Transmirra Products Corp.*, the Supreme Court concluded that a domestic corporation "resides" only in its state of incorporation for purposes of § 1400(b). 353 U.S. 222, 229 (1957). The Supreme Court recently reaffirmed the decision in *Fourco*, concluding that a corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1520.

## IV.    DISCUSSION

As a preliminary matter, the parties agree that venue in Delaware is improper under the Supreme Court's recent ruling in *TC Heartland LLC v. Kraft Food Group Brands LLC*, 137 S. Ct. 1514 (2017). Instead, the parties' dispute centers on whether the case should be transferred to the Western District of Washington or the Eastern District of Virginia. (D.I. 25 at 1; D.I. 28 at 2) The parties do not dispute that venue would be proper in the Western District of Washington, where Valve resides. (D.I. 25 at 3; D.I. 28 at 2) However, they disagree as to whether the Eastern District of Virginia is a regular and established place of business sufficient to establish venue. (D.I. 25 at 8-10; D.I. 28 at 2)

Pursuant to 28 U.S.C. § 1406(a), a court may, in the interests of justice, transfer a case where the original venue is improper to a district where venue would be proper.[2] *Jumara v. State*

---

[2] The Third Circuit has not established a specific set of factors for transfer under § 1406(a). Courts in this district have applied the § 1404(a) *Jumara* factors to the § 1406(a) analysis. *See, e.g., Am. High-Income Trust v. AlliedSignal Inc.*, C.A. No. 00-690-GMS, 2002 WL 373473, at *4 (D. Del. Mar. 7, 2002). Applying the *Jumara* factors to the instant case to determine the most appropriate venue presents a unique circumstance because neither proposed venue is within the Third Circuit. Regardless, application of the *Jumara* factors further supports the court's

*Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). The decision to transfer a case lies within the broad discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Considering the record before the court, the interests of justice favor transferring the action to the Western District of Washington, where Valve resides and where the record supports a connection to the events in issue. (D.I. 21 at ¶ 2) DOTA 2 and its source code were created by a Valve team in Washington, and are maintained there by Valve employees. (*Id.* at ¶ 4) All Valve employees, officers, and directors involved in the development of DOTA 2 work in Washington. (*Id.*)

Given the weight of the evidence supporting Valve's ties to the Western District of Washington, and Valve's comparatively tenuous ties to the Eastern District of Virginia, I recommend that the court grant Valve's motion to transfer venue to the Western District of Washington. This ruling makes no factual findings or legal conclusions as to the significance of Valve's third-party contracts for server locations in Virginia, and whether those contracts and server locations are sufficient to constitute a regular and established place of business. Even if the court were to conclude that the Virginia servers constituted a regular and established place of business and both venues were proper, the evidence weighs in favor of transfer to the Western District of Washington for the reasons previously stated.

## V.    CONCLUSION

For the foregoing reasons, I recommend that the court grant Valve's motion to transfer venue to the Western District of Washington. (D.I. 19)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections

---

recommendation, given Valve's state of incorporation, the location of its principal place of business, the location of most of its employees, and the location of the accused product's development.

within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 13, 2017

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

6